J-S33029-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SELASSIE JONES | : | |
| | : | |
| Appellant | : | No. 1889 EDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002220-2019,
CP-51-CR-0002221-2019, CP-51-CR-0002222-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SELASSIE JONES | : | |
| | : | |
| Appellant | : | No. 1890 EDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002220-2019,
CP-51-CR-0002221-2019, CP-51-CR-0002222-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SELASSIE JONES | : | |
| | : | |
| Appellant | : | No. 1891 EDA 2021 |

Appeal from the PCRA Order Entered March 11, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0002220-2019,
CP-51-CR-0002221-2019, CP-51-CR-0002222-2019

BEFORE: KUNSELMAN, J., KING, J., and SULLIVAN, J.

JUDGMENT ORDER BY KING, J.:                    **FILED DECEMBER 28, 2022**

Appellant, Selassie Jones, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We quash the appeal.

Given our disposition, a full recitation of the facts of this case is unnecessary. Briefly, Appellant pled guilty in 2019 at three underlying docket numbers to various counts of indecent assault. The court sentenced Appellant to an aggregate term of 2.5 to 5 years' imprisonment, plus 2 years' probation. Appellant did not file a direct appeal. On May 5, 2020, Appellant filed a first PCRA petition *pro se*. The court appointed PCRA counsel, who subsequently filed a no-merit letter and request to withdraw. On January 28, 2021, the court issued appropriate notice per Pa.R.Crim.P. 907. Appellant responded on February 18, 2021. On March 11, 2021, the court denied PCRA relief and let counsel withdraw. On September 8, 2021, Appellant filed separate *pro se* notices of appeal at each underlying docket number.[2]

Preliminarily, the timeliness of a notice of appeal implicates this Court's

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] Thereafter, this Court consolidated the appeals *sua sponte*.

- 2 -

jurisdiction. ***Commonwealth v. Wooden***, 215 A.3d 997 (Pa.Super. 2019). A notice of appeal must be filed within 30 days of entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). Significantly, however, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court." Pa.R.A.P. 301(a)(1). An order is properly entered upon the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The 30-day time period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. ***See*** Pa.R.A.P. 108(a)(1), (d).

Instantly, the March 11, 2021 order has not been properly entered on the docket. Notably, the entry for the order on the docket contains no indication that the order was served as required by Pa.R.Crim.P. 907(4),[3] and does not contain the date upon which such service was made in accordance with Rule 114(C)(2). This Court has quashed appeals as premature in similar circumstances. ***See, e.g., Commonwealth v. Spearman***, No. 700-703 EDA 2019 (Pa.Super. filed Mar. 5, 2020) (unpublished memorandum);

---

[3] ***See*** Pa.R.Crim.P. 907(4) (providing that when PCRA petition is dismissed without hearing, judge promptly shall issue order to that effect and shall advise defendant by certified mail, return receipt requested, of right to appeal from final order disposing of petition and of time limits within which appeal must be filed; order shall be filed and served as provided in Rule 114).

*Commonwealth v. Wongus*, No. 2183 EDA 2018 (Pa.Super. filed Feb. 13, 2020) (unpublished memorandum).[4]  Accordingly, we quash this appeal as premature.  After the clerk of courts serves the order dismissing Appellant's PCRA petition in accordance with Rule 907(4) **and notes such service on the docket as required by Rule 114(C)**, Appellant will have 30 days from the date of service to timely file separate notices of appeal at each underlying docket implicated by the order.

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/28/2022

---

[4] We may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value.  *See* Pa.R.A.P. 126(b).